OSCN Found Document:IN THE MATTER OF THE REINSTATEMENT OF TELFORD

 
 
 

 
 
 
 
 
 
 
 

 


 
 
 
 
 
 


 
 OSCN navigation


 
 
 Home

 
 Courts

 
 
 Court Dockets
 

 
 Legal Research

 
 Calendar

 
 Help
 
 





 
 
 
 Previous Case

 
 Top Of Index

 
 This Point in Index

 
 Citationize

 
 Next Case

 
 Print Only
 
 
 
 
 

 
 
 
 IN THE MATTER OF THE REINSTATEMENT OF TELFORD
2016 OK 83
Case Number: SCBD-6305
Decided: 07/18/2016
THE SUPREME COURT OF THE STATE OF OKLAHOMA
Cite as: 2016 OK 83, __ P.3d __

 
FOR PUBLICATION IN OBJ ONLY. NOT RELEASED FOR PUBLICATION. 

 

IN THE MATTER OF THE REINSTATEMENT OF: RANDAL LYNN TELFORD, TO MEMBERSHIP IN THE OKLAHOMA BAR ASSOCIATION AND TO THE ROLL OF ATTORNEYS.

ORDER

¶1 Petitioner, Randal Lynn Telford, graduated from Tulsa University College of Law on May 7, 1994, successfully passed the Oklahoma Bar examination, and was admitted to the Oklahoma Bar Association on September 29, 1994. Petitioner practiced law in Oklahoma for about one year and in October, 1995, he moved to Weatherford, Texas. He successfully passed the Texas bar examination, and became a member of the State Bar of Texas on May 3, 1996. Petitioner has continually lived and practiced law in Texas and is a member in good standing of the Texas Bar Association.

¶2 On May 4, 1998, Petitioner voluntarily resigned from the Oklahoma Bar Association for personal reasons, and on May 19, 1998, the Bar Association accepted his resignation. At the time of his resignation, he was a member in good standing with the Oklahoma Bar and no disciplinary proceedings were pending against him.

¶3 Petitioner states that he has not practiced law in Oklahoma or offered advice to any person on Oklahoma legal matters or held himself out as an Oklahoma attorney since his resignation from the Oklahoma bar in May, 1998.

¶4 In 1996, after receiving his Texas bar license, Petitioner and David Delfeld formed Delfeld and Telford, PLLC, in Azle, Texas and in 1998, relocated their offices to Springtown, Texas.

¶5 In August 2000, Petitioner began working for Fidelity National Title Insurance Company's in-house litigation division in Irving, Texas. The name later changed to Fidelity National Law Group, which is the litigation division of Alamo Title Insurance Company, Chicago Title Insurance Company, Commonwealth Land Title Insurance Company and Fidelity National Title Insurance Company. Fidelity's Texas offices are currently located at 5151 Beltline Road, Dallas, Texas.

¶6 In February 2001, Petitioner and his family moved from Weatherford to Euless, Texas, where he has lived with his family since that date.

¶7 Petitioner has extensive litigation experience in several Texas counties, the Northern, Eastern, Western and Southern federal districts of Texas and in the bankruptcy courts for the Northern, Southern and Eastern districts of Texas.

¶8 Petitioner is current in Continuing Legal Education requirements for the State Bar of Texas, which includes twelve hours of legal education and three hours of ethics each year. Petitioner taught four CLE classes in 2015 and received credit for it.

¶9 Petitioner testified as to his competence in the law. He maintains an active case load which includes bench trials and jury trials. He is a 20+ year lawyer, has continuously remained in good standing with the Texas bar and is current in CLE requirements. He has studied Oklahoma law in preparation of admission to the Oklahoma Bar.

¶10 Petitioner states his reason for seeking admission to the Oklahoma Bar is to assist Oklahoma attorney, Michael Colvin, in Fidelity's Oklahoma office. Petitioner has no immediate plans for moving to Oklahoma.

¶11 Upon consideration of the matter, we find the record shows by clear and convincing evidence the following:

1. Petitioner has not been disbarred from the Oklahoma Bar Association or any other state or federal bar and has not resigned pending disciplinary proceedings from the Oklahoma Bar Association or any other state or federal bar.

2. Pursuant to Rule 11.1(a), Rules Governing Disciplinary Proceedings, 5 O.S. 2011, Ch. 1, App. 1-A, Petitioner submitted an affidavit from the Tulsa County Court Clerk stating that he has not practiced law in Tulsa County at any time after his resignation on May 4, 1998. Petitioner testifies that after leaving Oklahoma he moved to Weatherford, Texas, and, in 2001, he moved to Euless, Texas, where he has lived continuously.

3. A hearing was held before the Professional Responsibility Tribunal Trial Panel on December 16, 2015. Three witnesses appeared on behalf of Petitioner and testified to his good moral character.

4. Petitioner stated that he is in compliance with CLE requirements for 2015, and an Annual Verification Report from the State Bar of Texas was provided. An affidavit from the Oklahoma Bar Association Mandatory Continuing Legal Education Administrator was presented stating that there are no penalties or reinstatement fees for MCLE applicable to his reinstatement. Petitioner testified that he has kept current on CLE requirements in Texas. In preparation of reinstatement in Oklahoma, he has taken CLE credit hours through his employer's offices in Oklahoma in which he has accessed Oklahoma legislative and case law updates for matters that relate to real estate and insurance. Petitioner asserts he has shown by clear and convincing evidence that he has continued to study and has kept himself informed as to current developments in the law sufficient to maintain his competency.

5. The Trial Panel filed the Finding of the PRT on April 12, 2016. The Trial Panel raised an issue concerning the use of a corporate employee and staff attorney, such as the petitioner, representing customers of the corporation that employs him and whether it constitutes the unauthorized practice of law. The Trial Panel stated that aside from their concern on this issue, Petitioner meets the requirements for reinstatement. No evidence was presented to support an allegation that Petitioner engaged in the unauthorized practice of law.

6. The Oklahoma Bar Association filed an Application to Assess Costs in the amount of $699.44.

¶12 IT IS THEREFORE ORDERED that Petitioner, Randal Lynn Telford, is reinstated to membership in the Oklahoma Bar Association and that his name be reinstated to the Roll of Attorneys licensed to practice law in the State of Oklahoma. Petitioner shall pay costs in the amount of $699.44 within thirty (30) days of the date of this order. Petitioner shall provide an affidavit of compliance concerning payment of costs and file it with the Supreme Court Clerk.

¶13 IT IS ALSO ORDERED that Petitioner is responsible for paying membership dues to the Oklahoma Bar Association for the current year. Reinstatement is conditioned upon payment of 2016 dues within (30) days of the date of this order. Petitioner shall provide an affidavit of compliance concerning payment of membership dues and file it with the Supreme Court Clerk.

¶14 IT IS ALSO ORDERED that Petitioner is responsible for completion of twelve (12) hours of CLE, including one (1) hour of ethics during the year 2016, in compliance with Mandatory Continuing Legal Education requirements.

DONE BY ORDER OF THE SUPREME COURT IN CONFERENCE THE 27TH DAY OF JUNE, 2016.

/S/ACTING CHIEF JUSTICE

ALL JUSTICES CONCUR






 Citationizer© Summary of Documents Citing This Document
 
 
 Cite
 Name
 Level
 
 
 None Found.
 
 
 Citationizer: Table of Authority
 
 
 Cite
 Name
 Level
 
 
 None Found.